.UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JAGJEET S. BAINS,

                                   Plaintiff,

                -against-

THE CITY OF NEW YORK and SCOTT O'NEILL,

                                  Defendants.

------------------------------------------------------------------- x

**ANSWER**

08 Civ. 1831 (DC)

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.        Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the Police Department of the City of New York maintains offices at One Police Plaza, New York, New York.

        3.        Deny the allegations set forth in paragraph "3" of the Complaint, except admit that defendant City of New York is a municipal corporation organized and existing under the laws of the State of New York.

        4.        Deny the allegations set forth in paragraph "4" of the Complaint.

        5.        Deny the allegations set forth in paragraph "5" of the Complaint, except admit that defendant City of New York maintains offices within the jurisdiction of the United States District Court for the Southern District of New York.

        6.        Deny the allegations set forth in paragraph "6" of the Complaint, except admit that defendant Scott O'Neill is employed by the City of New York and currently is

assigned to the New York City Police Department's ("NYPD") Police Crime Laboratory located at 150-14 Jamaica Avenue, Jamaica, New York 11432.

7.    Admit the allegations set forth in paragraph "7" of the Complaint.

8.    Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

9.    Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of this Court as set forth therein.

10.    Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff purports to state the basis for venue in this Court as set forth therein.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit, upon information and belief, that plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on or about July 11, 2007, and respectfully refer the Court to Plaintiff's Exhibit "1" for a complete and accurate statement of its contents.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admit, upon information and belief, that the EEOC issued a Notice of Right to Sue to counsel for plaintiff on or about November 19, 2007, and respectfully refer the Court to Plaintiff's Exhibit "2" for a complete and accurate statement of its contents.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff served a Notice of Claim upon defendant City of New York and respectfully refer the Court to Plaintiff's Exhibit "3" for a complete and accurate statement of its contents.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, and respectfully refer the Court to Plaintiff's Exhibit "4" for a complete and accurate statement of its contents.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, and respectfully refer the Court to Plaintiff's Exhibit "5" for a complete and accurate statement of its contents.

18.     Paragraph "18" of the Complaint asserts a jury demand for which no responsive pleading is required.

19.     In response to paragraph "19" of the Complaint, defendant repeats and realleges its above responses to each and every paragraph in the Complaint  "1" through "18" of the Complaint as if fully set forth herein.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that plaintiff is employed by the City of New York, that he began his employment with the

City of New York on September 14, 1981, and that he currently is assigned to the Police Crime Laboratory.

23.    Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff was appointed to the position of Criminalist III on August 10, 2000.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.    Deny the allegations set forth in paragraph "25" of the Complaint, except admit that defendant O'Neill is currently employed by the City of New York in the NYPD as Deputy Director of the Police Crime Laboratory.

26.    Deny the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint.

28.    Deny the allegations set forth in paragraph "28" of the Complaint, except admit that defendant O'Neill holds a managerial title.

29.    Deny the allegations set forth in paragraph "29" of the Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff complained to the Director of the Police Crime Laboratory about his supervisor.

31.    Deny the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiff's complaint was referred to the NYPD's Office of Equal Employment Opportunity.

32.    Deny the allegations set forth in paragraph "32" of the Complaint.

33.    Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff's schedule was changed in or about January 2006.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff complained to defendant O'Neill about the schedule change and defendant O'Neill did not adjust plaintiff's schedule in response to his complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except admit that a 28-year old white male was sent to attend an introductory fire debris training class in March 2006.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff was not selected to attend the meeting of the Arson Technical Group in Albany in October 2006.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, except admit that a 28-year old white male was sent to attend the meeting of the Arson Technical Group in Albany in October 2006.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint except admit that in 2006 plaintiff applied to be considered for three positions.

46.     Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Thomas Hickey, a white male who, upon information and belief, was born in the United States, was promoted to a position for which plaintiff also had applied.

47.     Deny the allegations set forth in paragraph "47" of the Complaint, except admit that a female employee was appointed to fill one of the positions for which plaintiff also had applied.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, except admit that plaintiff applied for the position of Criminalist IV sometime after May 12, 2007.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     In that paragraph "68" of the Complaint asserts a legal conclusion, no responsive pleading is required.  To the extent that this paragraph contains factual allegations, defendants deny those allegations.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegation set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint.

80.     Paragraph "80" of the Complaint asserts a request for relief for which no responsive pleading is required.

81.     In response to paragraph "81" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "80" of the Complaint as if fully set forth herein.

82.     Deny the allegations set forth in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     In response to paragraph "91" of the Complaint, defendants repeat and reallege their responses to paragraphs  "1" through "90" of the Complaint as if fully set forth herein.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    In response to paragraph "102" of the Complaint, defendants repeat and reallege their responses to paragraphs  "1" through "101" of the Complaint as if fully set forth herein.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    In response to paragraph "111" of the Complaint, defendants repeat and reallege their responses to paragraphs  "1" through "110" of the Complaint as if fully set forth herein.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    In response to paragraph "119" of the Complaint, defendants repeat and reallege their responses to paragraphs  "1" through "118" of the Complaint as if fully set forth herein.

120.    Deny the allegations set forth in paragraph "120" of the Complaint, except admit that defendant O'Neill holds a managerial position with the Police Department of the City of New York.

121.    Deny the allegations set forth in paragraph "121" of the Complaint.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint.

125.    Deny the allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Complaint.

134.    Paragraph "134" of the Complaint asserts a request for relief for which no response is required.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    In response to paragraph "140" of the Complaint, defendants repeat and reallege their responses to paragraphs  "1" through "139" of the Complaint as if fully set forth herein.

141.    Deny the allegations set forth in paragraph "141" of the Complaint, except admit, upon information and belief, that plaintiff filed a complaint with the EEOC and respectfully refer the Court to Plaintiff's Exhibit "1" for a complete and accurate statement of its contents.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

145.    Deny the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint.

147.    In response to paragraph "147" of the Complaint, defendants repeat and reallege their responses to paragraphs  "1" through "146" of the Complaint as if fully set forth herein.

148.    Deny the allegations set forth in paragraph "148" of the Complaint, except admit, upon information and belief, that plaintiff filed a complaint with the EEOC and respectfully refer the Court to Plaintiff's Exhibit "1" for a complete and accurate statement of its contents.

149.    Deny the allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    In response to paragraph "154" of the Complaint, defendants repeat and reallege their responses to paragraphs  "1" through "153" of the Complaint as if fully set forth herein.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint.

159.    Deny the allegations set forth in paragraph "159" of the Complaint.

160.    Deny the allegations set forth in paragraph "160" of the Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Complaint.

163.    Deny the allegations set forth in paragraph "163" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Complaint.

166.    Deny the allegations set forth in paragraph "166" of the Complaint.

167.    Deny the allegations set forth in paragraph "167" of the Complaint.

168.    In response to paragraph "168" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "167" of the Complaint as if fully set forth herein.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint, except admit that plaintiff filed a complaint with the NYPD's Office of Equal Employment Opportunity.

170.    Deny the allegations set forth in paragraph "170" of the Complaint, except admit, upon information and belief, that plaintiff filed a complaint with the EEOC and respectfully refer the Court to Plaintiff's Exhibit "1" for a complete and accurate statement of its contents.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Deny the allegations set forth in paragraph "177" of the Complaint.

178.    Deny the allegations set forth in paragraph "178" of the Complaint.

179.    Deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations set forth in paragraph "180" of the Complaint.

181.    Deny the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

184.    Deny the allegations set forth in paragraph "184" of the Complaint.

185.    Deny the allegations set forth in paragraph "185" of the Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint.

188.    Deny the allegations set forth in paragraph "188" of the Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Complaint.

## AS AND FOR A FIRST DEFENSE:

190.    The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

191.    The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A THIRD DEFENSE:

192.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH DEFENSE:

193.    Any Title VII or ADEA claims contained in the federal complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

## AS AND FOR A FIFTH DEFENSE:

194.    Upon information and belief, the damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

## AS AND FOR A SIXTH DEFENSE:

195.    The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A SEVENTH DEFENSE:

196.    Defendants had legitimate business reasons for taking any of the alleged discriminatory or retaliatory acts complained of by plaintiff.

## AS AND FOR AN EIGHTH DEFENSE:

197.    The individually named defendant is not subject to suit under Title VII or the Age Discrimination in Employment Act.

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that judgment be entered for defendants, and that defendants be granted such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 16, 2008

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                            City of New York
                                          Attorney for Defendants
                                          100 Church Street, Room 2-138
                                          New York, New York 10007
                                          (212) 788-0866
                                          cseacord@law.nyc.gov

                                        By:                 /S/
                                                  Christopher A. Seacord (CS 0821)
                                                Assistant Corporation Counsel

To:     Barry D. Haberman, Esq. (By ECF)
         Attorney for Plaintiff
         254 South Main Street, #401
         New City, New York 10956
         (845) 638-4294

Docket No. 08 Civ. 1831 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAGJEET S. BAINS,

Plaintiff,

- against -

THE CITY OF NEW YORK and SCOTT O'NEILL,

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 2-138*
*New York, New York  10007-2601*

*Of Counsel:  Christopher A. Seacord*
*Tel:  (212) 788-0866*
*Matter No.  2008-020331*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................................... , 200..*

*Signed ...............................................................................*

*Attorney for .......................................................................*